IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LAZEREK AUSTIN, K77091, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:21-cv-00269-SMY |
| | ) |
| ROBERT RHOADES, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court on Defendants' Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies (Doc. 78), which Plaintiff opposes (Doc. 91). For the following reasons, the motion is **GRANTED**.

## BACKGROUND

Plaintiff Lazerek Austin filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Menard Correctional Center. This case was opened on March 9, 2021, upon receipt of documents from Plaintiff stating his intent to file a new lawsuit in this district[1] (Doc. 7). Plaintiff signed a Complaint on March 18, 2021, and it was received by the Court on March 24, 2021 (Doc. 11). After preliminary review of the Complaint under 28 U.S.C. § 1915A, Plaintiff proceeded on the following claims (Doc. 23):

> Count 1: Eighth Amendment excessive force claim against Rhoades for spraying Plaintiff in the body and face with a fire extinguisher on February 17, 2021.
>
> Count 2: Eighth Amendment excessive force claim against Royster and Whitoff for assaulting Plaintiff on February 17, 2021.

---

[1] The Court initially received a motion for appointment of counsel (Doc. 1) with a narrative that referenced an earlier filed complaint, which the Court had not received.

| | |
|---|---|
| Count 3: | Eighth Amendment deliberate indifference claim against Royster and Whitoff for denying Plaintiff's request for medical care after the assault on February 17, 2021. |
| Count 4: | Eighth Amendment claim against Warden Wills and IDOC Director Jeffreys for Menard officials' practice of assaulting prisoners following staff/prisoner altercations which they have knowledge of but have not taken action to stop. |
| Count 5: | Eighth Amendment conditions of confinement claim against Royster and Rowland for denying Plaintiff a change of clothing, hygiene products, cleaning supplies, a usable mattress, and his cell was covered in pepper spray from February 17, 2021 to March 4, 2021. |
| Count 6: | Eighth Amendment deliberate indifference and/or conditions of confinement claim against Morris for depriving Plaintiff of food and water on February 22-25 and March 1-2, 2021. |
| Count 8: | Fourteenth Amendment due process claim against Rowland for a false disciplinary ticket and against Schoenbeck for denying Plaintiff an opportunity to present a defense when he failed to interview Plaintiff's witness or review the camera footage as requested by Plaintiff. |
| Count 9: | Eighth Amendment claim against IDOC Director Jeffreys and Warden Wills for the blanket strip search policy for prisoners in segregation. |
| Count 10: | Fourth Amendment claim IDOC Director Jeffreys and Warden Wills for the blanket strip search policy for prisoners in segregation. |

Defendants filed the instant motion, arguing that Plaintiff failed to exhaust any grievances related to the allegations in his Complaint before filing this lawsuit. Plaintiff argues that Menard prison officials made the grievance process unavailable.

## **FACTS**

On March 8, 2021, Plaintiff submitted a grievance about a disciplinary report he received related to the incidents occurring on February 17, 2021. (Doc. 91 at 57-58). The grievance office received the grievance on March 9, 2021 and responded on March 11, 2021. Both the grievance

officer and the CAO concurred in the recommendation that the grievance be denied. (Doc. 91 at 54-55). There is no record of Plaintiff appealing this grievance to the Administrative Review Board ("ARB"), and he does not claim that he did so in his statement of facts.

Plaintiff alleges that he submitted two grievances on March 8, 2021; the grievance described above and a separate grievance about staff conduct towards him on February 17, 2021. (Austin's Decl., Doc. 91 at 25-30, ¶¶ 23-25). He also alleges that he talked to his counselor about the missing grievance on or about March 10, 2021, and she advised that he should resubmit it. (*Id.* at ¶¶ 25-28; Cumulative Counseling Summary, Doc. 91 at 69 (March 15, 2021, entry by counselor indicated only one grievance was received on March 9, 2021, so any other grievance would need to be resubmitted)). He resubmitted the grievance and sent a copy directly to the ARB. (Austin's Decl., ¶¶ 27-30).

Plaintiff submitted a grievance dated March 15, 2021 directly to the ARB regarding staff conduct related to the February 17, 2021 incident and his conditions of confinement from February 17 to March 4, 2021. (Doc. 79-1, pp. 80-81). At the end of the grievance, Plaintiff wrote:

> I am writing this grievance to the Administrative Review Board because here at Menard the C/O refuse to process any staff on inmate assault complaints. I have tried filling [sic] this grievance two times here and both times the grievances vanished and were never filed.

(*Id.*, p. 81). The ARB received the grievance on March 29, 2021 and returned it on March 31, 2021, directing Plaintiff to provide a copy of the counselor, grievance officer, and warden's responses. (*Id.*, p. 79).

Plaintiff alleges that Menard prison officials made the grievance process unavailable by refusing to provide him with forms upon request and failing to make the portable grievance box available to prisoners in restrictive housing. He also alleges his properly filed grievances disappeared pursuant to Menard prison officials' practice of interfering with grievances

complaining about staff conduct. Finally, he contends that IDOC administrative codes and directives do not allow prisoners to grieve administrative decisions by the Director such as the blanket strip search policy.

## **DISCUSSION**

Failure to exhaust administrative remedies is an affirmative defense properly raised in a motion for summary judgment to be resolved by the judge. *Pavey v. Conley,* 544 F.3d 739, 740 (7th Cir. 2008). Summary judgment is proper if there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The Prison Litigation Reform Act requires prisoners to exhaust all available administrative remedies prior to filing lawsuits in federal courts regarding prison conditions. 42 U.S.C. § 1997e(a). As an inmate in the Illinois Department of Corrections, Plaintiff was required to follow the grievance process outlined in the Illinois Administrative Code. 20 Ill. Admin. Code § 504.800, *et seq*. (2017). The regulations require an inmate to file his grievance with his counselor within sixty days of the discovery of an incident, occurrence, or problem that gave rise to the grievance. 20 Ill. Admin. Code § 504.810(a). The grievance must "contain factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is the subject of or who is otherwise involved in the complaint." 20 Ill. Admin. Code § 504.810(c).

If the complaint is not resolved through the counselor, the grievance must be submitted to a grievance officer, who reports his or her findings and recommendations in writing to the CAO. 20 Ill. Admin. Code § 504.830(e). The CAO then provides the inmate with a written decision on the grievance. *Id.* If the inmate is not satisfied with the CAO's response, he must file an appeal

with the IDOC Director through the ARB. 20 Ill. Admin. Code §504.850(a). The ARB must receive the appeal within thirty days of the date of the CAO's decision. *Id.* The ARB submits a written report of its findings and recommendations to the Director, who then makes a final determination. 20 Ill. Admin. Code § 504.850(d), (e).

It is clear from the record that Plaintiff failed to exhaust his claim against Defendants Rowland and Schoenbeck (Claim 8). He identifies a March 8, 2021 grievance about this claim, which was denied by the grievance officer and CAO on March 11, 2021. (Doc. 91 at 57-58). Because it is undisputed that he did not submit the grievance to the ARB, Claim 8 was not properly exhausted.

Plaintiff contends that the grievance process was unavailable as to the remaining claims. The grievance process is deemed unavailable in three instances: (1) a mechanism for relief is available, but no ordinary prisoner can discern or navigate it; (2) the mechanism for relief is thwarted by machination, misrepresentation, or intimidation by prison administrators; or, (3) the mechanism operates as a dead end because officers are unable or consistently unwilling to provide any relief to aggrieved inmates. *Wallace v. Baldwin*, No. 21-1883 (7th Cir. Dec. 14, 2022), rehearing *en banc* denied.

Here, Plaintiff's allegation that the grievance process was thwarted by the misconduct of prison officials is belied by the evidence in the record. Plaintiff submitted a grievance on March 8, 2021, which was received on March 9, 2021. He inquired about a second grievance also allegedly filed on March 8, 2021, and his counselor responded on March 15, 2021. He then re-submitted that grievance and submitted it directly to the ARB on the same day. Relatedly, Plaintiff corresponded with the Court about this lawsuit – first with the filing of a Motion for Counsel received March 9, 2021, which mentioned an attempt to file his complaint February 24, 2021, and

later with the filing of a Complaint, which was signed March 18, 2021. Simply put, Plaintiff cannot claim the process was unavailable to him when at the exact time he filed the Complaint in this case, he was actively pursuing relevant grievances.

A "sue first, exhaust later" approach is not acceptable. *Chambers v. Sood*, 956 F.3d 979, 984 (7th Cir. 2020). While Plaintiff may have experienced a period of unavailability of the grievance procedures at Menard at some point between February 17, 2021 and March 8, 2021, by March 8, 2021, he was actively pursuing grievances relevant to this lawsuit. He filed this lawsuit before he awaited the outcome of those efforts, which is the exact "sue first, exhaust later" approach that is not allowed.

Plaintiff also points out that he attempted to file this lawsuit on February 24, 2021, but his Complaint was apparently not transmitted to the Court on that date. This demonstrates however that he did not make a sufficient attempt to exhaust his remedies before filing. Under the grievance rules, an inmate has 60 days from an incident to file a grievance. 20 Ill. Admin. Code § 504.810(a). Plaintiff alleges the events that give rise to this lawsuit occurred on February 17, 2021. He attempted to initiate this litigation just 7 days later, which is not sufficient time for an inmate to conclude his attempts to exhaust a grievance have been thwarted. *See Roberson v. Morris*, 2022 WL 374921 at *6, n. 8 (S.D. Ill. 2022) (collecting cases on the proposition that 24 days was not a sufficient amount of time for an inmate to conclude his attempts to exhaust a grievance had been thwarted).

Finally, Plaintiff argues that he was not required to exhaust the grievance procedure as to Claims 9 and 10 against Defendants Jeffreys and Wills concerning strip searches in segregation because the strip searches were done per their policy. Specifically, he argues that pursuant to Ill. Admin. Code § 504.810(b) and § 504.830(a)(4), the grievance procedure cannot be used to

challenge a decision rendered by the director, and therefore, the grievance process is unavailable with respect to these claims. This argument fails for at least two reasons.

Section 504.810(b) provides: "the grievance procedure shall not be utilized for complaints regarding decisions that have been rendered by the Director, such as, but not limited to, facility placement, awards of supplemental sentence credit or transfer denials, or decisions that are outside the authority of the Department, such as parole decisions, clemency or orders regarding length of sentence." The issue identified by Plaintiff—a strip search policy—does not fit squarely with any of the examples provided in § 504.810(b).

Additionally, Plaintiff points to § 504.830(a)(1), under which a grievance may be returned to an offender without further investigation if it challenges a decision rendered by the director. If Plaintiff's grievance was submitted but rejected in reliance on this provision, Plaintiff would be able to argue that he attempted to exhaust this claim but was met with a dead end. But because Plaintiff offers no evidence that before he filed this lawsuit, he tried to exhaust the strip search claim to no avail, his arguments with respect to Claims 9 and 10 are speculative and rejected.

## DISPOSITION

For the foregoing reasons, Defendants' Motion for Summary Judgment on the issue of exhaustion (Doc. 78) is **GRANTED**. Plaintiff's Complaint (Doc. 11) is **DISMISSED** without prejudice for failure to exhaust his administrative remedies. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: March 6, 2023**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**